UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAYE MYRETTE-CROSLEY, <br> Plaintiff, <br> v. <br> DITECH HOME LOANS, et al., <br> Defendants. | Case No. 3:17-cv-05528-JD <br><br> **ORDER RE MOTION TO DISMISS AND STRIKE** <br> Re: Dkt. No. 16 |

This lawsuit involves a dispute over mortgage payments between defendant Ditech Financial, LLC ("Ditech") and plaintiff Myrette-Crosley. In 2007, plaintiff took out a $495,000 mortgage loan on a home in Richmond, California. Dkt. No. 1-1 at 5. Plaintiff fell behind on her payments, and in June 2017, Ditech sent a letter stating that she was delinquent but could avoid foreclosure if she agreed to a trial mortgage modification plan requiring payment of $3,375 per month. Dkt. No. 1-1 Exh. F. Plaintiff filed this action in California state court shortly after the letter, and Ditech removed based on federal question jurisdiction. Dkt. No. 1.

Plaintiff alleges five causes of action against Ditech. First, plaintiff alleges that Ditech's June 2017 letter violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Plaintiff's second claim is that Ditech has no ability to foreclose, and no enforceable interest in the loan or in the deed of trust, because the 2007 loan violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. Third, plaintiff alleges that Ditech is liable for fraudulent concealment. Fourth, plaintiff sues Ditech for specific performance of a loan modification plan that she entered into with one of Ditech's successors-in-interest in February 2012. Finally, plaintiff says that Ditech's proposed loan modification constitutes financial abuse of an elderly individual because the required monthly payments are almost plaintiff's entirely monthly income.

Ditech moves to dismiss the complaint for failure to state a plausible claim under Federal Rule of Civil Procedure 12(b)(6).[1]  The motion is granted and denied in part.  Ditech's request to strike prayers for damages and attorney's fees under Rule 12(f) is denied.  *See Inn S.F. Enter., Inc. v. Ninth St. Lodging, LLC*, No. 3:16-CV-00599-JD, 2016 WL 8469189, at *1 (N.D. Cal. Dec. 19, 2016).

## LEGAL STANDARDS

Straightforward standards govern the application of Rule 12(b)(6).  To meet the pleading requirements of Rule 8(a) and to survive a Rule 12(b)(6) motion to dismiss, a claim must provide "a short and plain statement . . . showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), including "enough facts to state a claim . . . that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face if, accepting all factual allegations as true and construing them in the light most favorable to the plaintiff, the Court can reasonably infer that the defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plausibility analysis is "context-specific" and not only invites but "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations."  *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).  Generally, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  While 9(b) "does not require absolute particularity or a recital of the evidence," conclusory allegations with no "particularized supporting detail" do not suffice.  *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (internal quotations and citations omitted).

---

[1] Ditech's opening brief exceeds the Court's page limits by a wide margin.  That will be tolerated on this one occasion only because the motion was originally filed in a different court.  Any oversize briefs in the future will be summarily stricken and disregarded.

2

On a motion to dismiss, the Court is limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (internal quotation omitted). The Court may take judicial notice of undisputed matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

## DISCUSSION

Plaintiff's first cause of action is adequately pleaded. The FDCPA prohibits a debt collector from communicating with a consumer about collecting a debt if the collector knows that the consumer is represented by counsel in the matter. 15 U.S.C. § 1692c. Ditech's motion makes clear that as of June 2016, it knew that plaintiff was represented by counsel in matters pertaining to her mortgage loan. Dkt. No. 16 at 15. Ditech tries to sidestep the FDCPA by saying that it is not a "debt collector." That is a surprising and wholly untenable position to take in light of the fact that Ditech's June 2017 delinquency letter expressly states, "This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose." Dkt. No. 1-1 Exh. F. Ditech's position is also legally unsound. While the Ninth Circuit has not spoken directly on the issue, district courts in this circuit and other courts of appeal agree that a mortgage loan servicer is a debt collector under the FDCPA if it acquires servicing for a loan after the loan is in default. *See, e.g.*, *Heejoon Chung v. U.S. Bank, N.A.*, 250 F. Supp. 3d 658, 683 (D. Haw. 2017) (listing cases). Plaintiff's complaint indicates, and Ditech's request for judicial notice confirms, that plaintiff was in default by August 2013. Dkt. No. 17 Exh. 8. Ditech sent the letter in June 2017, and does not appear to have acquired any interest in the mortgage until the following month, when the deed of trust was assigned to Ditech. Dkt. No. 16 at 13; Dkt. No. 17 Exh. 12.

Plaintiff's second, third, fourth, and fifth causes of action are dismissed with leave to amend.

Plaintiff's second claim is dismissed because it belongs to plaintiff's bankruptcy estate. Defendant's unopposed request for judicial notice includes the U.S. Bankruptcy Court docket for a voluntary Chapter 7 bankruptcy petition filed by plaintiff in January 2016. Dkt. No. 17 Exh. 22.

3

Plaintiff does not dispute the accuracy of that record, and the Court takes judicial notice of the bankruptcy action. Plaintiff lacks standing to bring claims that accrued before January 2016 because those claims now belong to the bankruptcy estate. *See Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001). The second claim is predicated on the theory that the original loan violated TILA, and plaintiff fails to allege that any actions taken by Ditech are themselves TILA violations. Consequently, the claim accrued at the time of the allegedly predatory loan in 2007, well before the creation of the bankruptcy estate. Plaintiff's opposition suggests that her claim was abandoned by the trustee, but causes of action that are not properly scheduled "continue[] to belong to the bankruptcy estate" and do not revert to the debtor even if the bankruptcy case closes. *Id.* at 945-46; *see also In re JZ L.L.C.*, 371 B.R. 412, 418 (B.A.P. 9th Cir. 2007). At no point does plaintiff contend that she properly scheduled a TILA claim in her bankruptcy action.

Plaintiff's third cause of action for fraudulent concealment fails to meet the heightened pleading standards of Rule 9(b). *Orange St. Partners v. Arnold*, 179 F.3d 656, 662 (9th Cir. 1999). Plaintiff alleges only that "the above written and oral representations by defendant DITECH, to Plaintiffs, were done negligently and recklessly in derogation of Plaintiff's rights." Dkt. No. 1-1 at 20. This falls far short of the particularity that 9(b) requires.

Construing the plaintiff's fourth claim for "specific performance" as a breach of contract claim seeking specific performance as an equitable remedy, the claim is time-barred. "Under California law, a contract claim based on a written agreement is governed by a four-year statute of limitations. The claim accrues when the plaintiff discovers, or could have discovered through reasonable diligence, the injury and its cause." *Angeles Chem. Co. v. Spencer & Jones*, 44 Cal. App. 4th 112, 119 (Cal. Ct. App. 1996) (citing Cal. Code Civ. Proc. § 337). The complaint alleges that plaintiff and her loan servicing agent agreed to a permanent loan modification agreement in February 2012. Plaintiff says that she made timely payments under that agreement for five months, after which one of Ditech's predecessors-in-interest unilaterally demanded full repayment of the outstanding balance. Dkt. No. 1-1 at 9. On the face of the complaint, the claim accrued in the second half of 2012. The statute of limitations ran in the second half of 2016, but plaintiff did not file this lawsuit until September 2017.

4

The fifth cause of action for elder abuse is based entirely on Ditech's proposed mortgage modification plan. California law provides that financial abuse of an elder occurs when a person or entity "[t]akes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both," or "[a]ssists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both." Cal. Welf. & Inst. Code § 15610.30. Ditech's mere offer of a loan modification is not a taking or appropriation of property.

## CONCLUSION

Plaintiff's second, third, fourth, and fifth causes of action are dismissed with leave to amend. An amended complaint is due by **July 27, 2018.**

**IT IS SO ORDERED.**

Dated: June 28, 2018

JAMES DONATO
United States District Judge

5