UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAYE MYRETTE-CROSLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>DITECH HOME LOANS, et al.,<br><br>    Defendants. | Case No. 3:17-cv-05528-JD<br><br>**ORDER DISMISSING CASE** |

       Plaintiff Faye Myrette-Crosley's claims under the Federal Debt Collection Practices Act, the Truth in Lending Act, and fraudulent concealment are dismissed pursuant to the permanent injunction entered as part of defendant Ditech's confirmed bankruptcy plan. Dkt. No. 41, Ex. A. A subsequent order by the bankruptcy court to enforce the injunctive provisions of the plan and confirmation order expressly confirmed these causes of action must be dismissed. Dkt. No. 51, Ex. 1.

       The remaining claim in the first amended complaint for specific performance, Dkt. No. 28, is dismissed with prejudice for failure to state a claim. The Court's prior order dismissed the claim as time-barred. Dkt. No. 26 at 4. Defendant moved to dismiss on this ground, Dkt. No. 44, and plaintiff has not opposed the motion.

       The allegation that plaintiff previously filed a case "containing causes of action seeking equitable remedies thereby tolling the statute of limitations," does not save the claim. Dkt. No. 28 ¶ 121. Under California law, equitable tolling by a prior proceeding requires "a showing of three elements: timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff." *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 102 (2008) (internal quotation and citation omitted). The prior action referenced is *Myrette-

*Crosley v. OneWest Bank*, Case No. CIVMSC15-01688. (Cal. Super. Ct., Contra Costa Cty.). There is no indication that Ditech has any relationship to that defendant or appeared in that case. Plaintiff does not allege that Ditech was even aware of *OneWest*, let alone how the substance of *OneWest* would have provided notice to Ditech of the specific performance claim in this action. Accordingly, Myrette-Crosley has not shown that equitable tolling is applicable here.

Additionally, "[s]pecific performance is a remedy associated with breach of contract," not a cause of action itself. *Pauma Band of Luiseno Mission Indians of Pauma & Yuima v. California*, 813 F.3d 1155, 1167 (9th Cir. 2015). "Where, as here, no breach of a contract has been alleged, but rather a challenge to its formation . . . the contract is voidable and the appropriate remedy is rescission and restitution." *Id*; *see* Dkt. No. 28 ¶¶ 84, 88, 110.

The Court's discretion to dismiss with prejudice is "particularly broad" after prior leave to amend has been granted, which is the case here. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013). In light of plaintiff's multiple chances to plead her claim for specific performance, and her inability to do so, the specific performance claim against Ditech is dismissed with prejudice.

The case is dismissed and judgment will be entered against plaintiff.

**IT IS SO ORDERED.**

Dated: April 16, 2020

JAMES DONATO
United States District Judge